UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORINZO STENNIS,

          Petitioner,

v.                                   CASE NO. 09-11997
                                   HONORABLE VICTORIA A. ROBERTS

BARRY DAVIS,

          Respondent.

_____/

## ORDER OF DISMISSAL

Petitioner Lorinzo Stennis has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition challenges Petitioner's state convictions for two counts of armed robbery, Mich. Comp. Laws § 750.529.  The trial court sentenced Petitioner to concurrent terms of nine to twenty years in prison.  The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. *See People v. Stennis*, No. 283646 (Mich. Ct. App. Mar. 19, 2008) (unpublished); *People v. Stennis*, 482 Mich. 896; 753 N.W.2d 175 (2008) (table).

Petitioner filed his habeas corpus petition on May 26, 2009.  His sole ground for relief reads:

> The trial court erred in scoring offense variable ten of the sentencing guidelines without factual basis to support the scoring, and the sentence of one hundred eight months exceeds the correct guideline range and sentence agreement, requiring resentencing.

According to Petitioner, there was no evidence that he attempted to exploit or manipulate the victim and, therefore, he should not have been scored any points under offense variable 10 for predatory conduct.

The state court's interpretation and application of state sentencing guidelines is a matter of state concern only, *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 68  (1991). As Petitioner has failed to allege or demonstrate that the sentencing judge violated a federal constitutional right, his habeas petition fails to state a cognizable claim for which habeas relief may be granted. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001). Accordingly, the habeas petition is summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 4, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Lorinzo Stennis by electronic means or U.S. Mail on June 4, 2009.

s/Carol A. Pinegar
Deputy Clerk

2